UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      v.

ARLENE COMBS,

                      Defendant.

DECISION AND ORDER
10-CR-360A

---

## INTRODUCTION

The government has appealed a release order issued by Magistrate Judge Jeremiah J. McCarthy on April 25, 2011. The government seeks detention asserting that defendant Arlene Combs poses both a danger to the community and a risk of flight. Combs opposes detention and argues that the conditions of her release are sufficient to ensure the safety of the community and her appearance at trial.

On May 6, 2011, this Court held oral argument on the motion to revoke Magistrate Judge McCarthy's release order. Following argument, the Court ordered Combs detained pending issuance of this Decision and Order. For the reasons stated, the motion for revocation is granted and defendant Combs is ordered detained pending trial.

## BACKGROUND

On November 24, 2010, defendant Combs was charged in a two-count indictment with three others: Rico Vendetti, Terry Stewart and Dayon Shaver. Count 1

charged all four defendants with engaging in a conspiracy to transport stolen merchandise in interstate commerce, and Count 2 charged Vendetti, Combs and Stewart with transportation of stolen merchandise in interstate commerce.

Prior to that indictment, defendant Combs had been charged in state court with having participated in a home invasion robbery of an individual named Homer Marciniak. The circumstances surrounding the Marciniak robbery are relevant to this case. According to the government, in June 2010, defendant Combs was recruited by co-defendant Vendetti to burglarize the Marciniak home and steal Marciniak's rare comic book collection valued between $40,000 and $100,000. Combs did so and on July 5, 2010, her boyfriend/co-defendant Terry Stewart and others broke into Marciniak's home in the middle of the night, tied him up, beat him, and threatened to harm him if he did not disclose the location of his comic books. Ultimately, the comic books were discovered and taken, along with a substantial amount of cash and three pistols. Marciniak later escaped and was treated at a nearby hospital. Within 24 hours of the burglary, he died of a heart attack that the government contends was brought on by the stress of the robbery. Combs was remanded by the state court because she was unable to post the required $100,000 cash bond.

On March 30, 2011, a superseding indictment was filed in this case. In addition to the trafficking of stolen goods charges in the original indictment, the superseding indictment alleged that Combs and Vendetti had engaged in racketeering and racketeering conspiracy. The superseding indictment further alleged that they and others had committed violent crimes in aid of racketeering, namely the assault and murder of Homer Marciniak. The superseding indictment also charged Combs with two

counts of attempted witness tampering. More specifically, the indictment alleged that she attempted to persuade "J.J." not to provide information to federal agents relating to the Marciniak robbery.

As a result of the charges in the superseding indictment, the State decided to drop its case against Combs in lieu of federal prosecution. Combs was remanded to federal custody. The government moved for pretrial detention. On April 25, 2011, Magistrate Judge McCarthy ordered her released upon certain conditions. The government filed this appeal, and release was stayed pending issuance of this Court's ruling on the appeal.

## **DISCUSSION**

Under 18 U.S.C. § 3142(f)(1)(A), the government may move for pretrial detention of a defendant where the case involves a crime of violence. If a defendant is ordered released by a magistrate judge, the government may, under 18 U.S.C. § 3145(a)(1), move for revocation of the release order before the district court. Upon such motion, the district court must perform a *de novo* review of the magistrate judge's release order. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985) (finding that a district court should "not simply defer to the judgment of the magistrate, but reach its own independent conclusion"). When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence. *United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1395-96 (3d Cir. 1985).

3

The government objects to Combs' pretrial release on the ground that she poses a danger to the community and a risk of flight.  The government must prove dangerousness by clear and convincing evidence, and risk of flight by a preponderance.  *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985).  In determining whether there are conditions of release that will reasonably assure the safety of the community and the appearance of a defendant, the Court must consider the factors provided in 18 U.S.C. §3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> 
> (2) the weight of the evidence against the person;
> 
> (3) the history and characteristics of the person, including –
> 
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> 
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Second Circuit has warned that, in applying these factors to any particular case, "the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur,* 817 F.2d 189, 195 (2d

Cir.), *cert. denied*, 484 U.S. 840 (1987) (quoting S. Rep. No. 225, 98th Cong., 2nd Sess. 7, reprinted at 1984 U.S.C.C.A.N. 3182, 3189).

Consideration of those factors demonstrates that Combs is both a danger to the community and a risk of flight.  The charges against Combs are very serious.  She is charged with participating in a racketeering conspiracy and having committed violent acts in aid of racketeering.  If Combs is convicted of Count 3 (committing murder in aid of racketeering) she will be subject to a mandatory sentence of life imprisonment.  Although Combs was not in Marciniak's home during the burglary-turned-robbery, she had arranged for the intruders to be there and picked them up after the robbery had occurred.  She then drove the intruders to Rochester and paid each of them for their role.

In terms of the second factor, the weight of the evidence against the defendant is strong and includes her own admissions as well as admissions of co-defendants concerning her participation in the Marciniak robbery.  Also, the government has strong evidence in support of its witness tampering charges, namely a handwritten letter that Combs wrote to "J.J." wherein Combs tells "J.J." to "trust [her]" and "don't talk to the feds."  The government also has strong evidence implicating Combs in the charges relating to trafficking of stolen merchandise that includes statements of co-defendants and electronic records corroborating the government's claims that Vendetti arranged for the stolen merchandise to be sold over the internet.

The history and characteristics of defendant Combs also weigh in favor of detention.  She is unemployed, has a history of drug use and mental illness and a criminal history involving multiple convictions for drug possession and sale.  She also

has a history of failing to appear in court, necessitating the issuance of numerous bench warrants.[1]  She has a history of re-offending while on probation[2] which demonstrates to the Court that she is unable to comply with the conditions of her release.  Importantly, the offenses in this case are alleged to have occurred while she was serving a sentence of probation.

Moreover, if released, the defendant has no suitable residence.  She had originally proposed to live in a residence in Corning, New York, or alternatively a residence in Rochester, New York.  However, both residences are unsuitable for the reasons detailed in a memorandum by the probation office dated May 2, 2011.

The evidence that she attempted to persuade a witness not to talk to federal authorities also weighs in favor of detention.  *See United States v. Rowe*, 02 CR. 756 LMM, 2003 WL 21196846 (May 21, 2003)(finding that no condition or combination of conditions for release on bail would reasonably assure safety of community, where, *inter alia*, government showed that defendant had tampered or attempted to tamper with potential witnesses).

In sum, given the nature and circumstances of the case, the strength of the evidence against the defendant, the defendant's prior attempts to commit witness tampering, the seriousness of the charges in the superseding indictment, her history of

---

[1] Bench warrants were issued by Monroe County Court on September 24, 2007, March 21, 2008 and May 23, 2008.  Additionally, a bench warrant was issued by Gates Town Court on November 17, 2010.

[2] In May 2005, Combs was sentenced to 6 months' incarceration and 5 years' probation for various drug offenses.  She committed various other offenses while on probation, including petit larceny in August 2007, January 2008, and August 2008, and issuing a bad check in November 2007.  Her probation was revoked in September 2010.

drug abuse, her failure to appear in court when required and her history of committing additional crimes while on release, the Court finds by clear and convincing evidence that defendant Combs poses a danger to the community if released, and by a preponderance of the evidence that she poses a risk of flight.  Further, the Court finds that there exists no condition or combination of conditions that would reasonably assure her appearance or the safety of the community if released.

## CONCLUSION

For the reasons stated, the motion for revocation of Magistrate Judge McCarthy's release order is granted and defendant Combs is ordered detained pending trial.

The Court further orders that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that defendant be afforded reasonable opportunity for private consultation with counsel.

Finally, the Court directs that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of appearance in connection with any court proceeding.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 26, 2011