**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

        v.

DAYON SHAVER and
ARLENE COMBS,

        Defendants.

_____

10-CR-360-A
**DECISION AND ORDER**

This case is before the Court on motions filed by Defendants Dayon Shaver and Arlene Combs pursuant to 18 U.S.C. § 3582(c)(2).[1]  For the reasons stated below, both motions are denied.

## BACKGROUND

The Court assumes familiarity with this case's factual background and lengthy procedural history.  On November 19, 2015, Shaver pled guilty to one count of conspiracy, in violation of 18 U.S.C. § 371.  That same day, Combs pled guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(c).  Several months later, on March 21, 2016, the Court sentenced Shaver to 46 months' imprisonment and two years' supervised release.  The next day, the Court sentenced Combs to 240 months' imprisonment and two years' supervised release.

Shaver and Combs have since filed motions pursuant to 18 U.S.C. § 3582(c)(2). Both Defendants argue that Amendment 794 to U.S. Sentencing Guidelines entitles them to a sentence reduction.  Amendment 794, which became effective November 1,

---

[1]  Shaver and Combs filed separate motions (Docket Nos. 616 and 624, respectively).  Both motions, however, implicate the same legal question.  The Court therefore resolves both motions in this Decision and Order.

2015, amended the commentary to Guideline § 3B1.2 to "provide[] additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. Supp. to App'x C, Amend. 794, Reason for Amendment.  Amendment 794 was incorporated into the 2015 edition of the U.S. Sentencing Guidelines, on which the Court relied when it calculated both Defendants' Guideline imprisonment range.  *See* Docket No. 568 (Combs PSR) ¶ 48 (noting that 2015 edition of Guidelines Manual was used); Docket No. 567 (Shaver PSR) ¶ 21 (same).  *See also* U.S.S.G. 3B1.2, Historical Note (2015).

Neither Shaver nor Combs is eligible for a § 3582(c)(2) sentence reduction because the Court sentenced both Defendants after Amendment 794's effective date. Section 3582(c)(2) allows a court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (emphasis added).  Section 3582(c)(2), in other words, authorizes a sentence reduction only in cases where an amendment to the Sentencing Guidelines became effective *after* a defendant was sentenced.  The Guidelines implicitly reinforce this point by instructing courts to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . *had been* in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1) (2016) (emphasis added).  *See also Freeman v. United States*, 564 U.S. 522, 530 (2011) (noting that U.S.S.G. § 1B1.10(b)(1) "seeks to isolate whatever marginal effect the *since-rejected* Guideline had on the defendant's sentence") (emphasis added).

Thus, when a defendant is sentenced after an Amendment to the Sentencing Guidelines became effective, that Amendment may not be the basis for a § 3582(c)(2) motion.  The reason for this is simple: there is "no way the . . . court could 'consider the sentence that it would have imposed had [the relevant Amendment] been in effect at the time of sentencing'"—as Guideline § 1B1.10(b)(1) requires—when the Amendment on which a defendant bases her § 3582(c)(2) motions "*was* in effect at the time of sentencing."  *United States v. Lykes*, 73 F.3d 140, 142 (7th Cir. 1995) (quoting U.S.S.G. § 1B1.10(b) (1995)) (bracketed language changed from original; emphasis in original). Thus, because both Shaver and Combs were sentenced after Amendment 794 became effective, neither Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[2]

## CONCLUSION

For the reasons stated above, the Court denies both Shaver's § 3582(c)(2) motion (Docket No. 616) and Combs' § 3582(c)(2) motion (Docket No. 624).

**SO ORDERED.**

Dated: January 21, 2017          ___*s/Richard J. Arcara*_____
  Buffalo, New York          HONORABLE RICHARD J. ARCARA
                 UNITED STATES DISTRICT JUDGE

---

[2]  Because the Court denies both § 3582(c)(2) motions on this ground, the Court need not address whether Amendment 794 is retroactive.  Likewise, the Court need not address whether, assuming the Amendment is retroactive, either Shaver or Combs is otherwise eligible for, or should receive, a sentence reduction.  *See* U.S.S.G. § 1B1.10(a)(2)(B) (as to Defendant Combs).  *See also Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting that, after the district court determines whether a defendant is eligible for a § 3582(c)(2) sentence reduction, the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case").